IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **STARCITE, INC.** | : |
| Plaintiff, | : |
| | : Case No. _____ |
| v. | : |
| | : Jury Demanded |
| **SMITH & NEPHEW, INC.** | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, StarCite, Inc. ("StarCite"), by and through its undersigned counsel, as and for its Complaint against Defendant, Smith & Nephew, Inc. ("Smith & Nephew"), alleges as follows:

### INTRODUCTION

1. This is an action for declaratory relief and monetary damages arising out of Smith & Nephew's willful breaches of an Application Services Agreement, dated December 3, 2007, between StarCite and Smith & Nephew, a copy of which is attached hereto as Exhibit "A", as amended by the First Addendum to Agreement, dated April 28, 2008, between StarCite and Smith & Nephew, a copy of which is attached hereto as Exhibit "B" (the "Addendum"). The December 2007 Agreement and the Addendum are collectively referred to herein as the "Agreement."

### PARTIES AND VENUE

2. StarCite is a Delaware corporation with a principal place of business located at 1650 Arch Street, 18th Floor, Philadelphia, Pennsylvania 19103.

3. StarCite provides web-based technology solutions that help buyers and suppliers of meeting space and related services to strategically manage corporate meetings and events.

4. Smith & Nephew, upon information and belief, is a Delaware corporation with a principal place of business in Memphis, Tennessee.

5. Smith & Nephew is a global medical technology business specializing in orthopedics including reconstruction, trauma and clinical therapies, endoscopy and advanced wound management.

## JURISDICTION

6. This Court has original jurisdiction over all Counts pursuant to 28 U.S.C. § 1332(a), based upon diversity of citizenship between StarCite and Smith & Nephew.

7. StarCite certifies that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest incurred, costs and attorney's fees.

## VENUE

8. Pursuant to 28 U.S.C. § 1391(a)(1), venue is proper in this District Court because this is the judicial district in which Smith & Nephew resides.

## FACTUAL ALLEGATIONS

9. StarCite and Smith & Nephew entered into the Agreement in December 2007.

10. Pursuant to the December 2007 Agreement, Smith & Nephew purchased a limited license to access and use StarCite's proprietary "MeetingView Attendee Management Service." The "MeetingView Attendee Management Service," among other things, enables corporate meeting planners to create meeting and related event registration web sites, and to invite, track, survey and market to meeting attendees. StarCite made the "MeetingView Attendee Management Service" available for Smith & Nephew to use for a period of one year.

11. The December 2007 Agreement had a committed term of one year, from December 5, 2007 to December 4, 2008.

12. In April 2008, StarCite and Smith & Nephew amended the December 2007 Agreement by entering into the Addendum.

13. By way of the Addendum, Smith & Nephew purchased a limited license to access and use StarCite's proprietary "Enterprise System" for a period of three years. The "Enterprise System" includes the "MeetingView Attendee Management Service" as well as significant additional features and functionalities including, among other things, the ability to electronically source a meeting and related services at a venue, set and track budgets for a meeting, and create approvals for meeting spending categories associated with a particular meeting. StarCite made the "Enterprise System" available for Smith & Nephew to use for a period of three years.

14. The Addendum has a committed term of three years, from April 28, 2008 to April 29, 2011.

15. In the Agreement, Smith & Nephew committed to the total fee of $437,000.00.

16. Smith & Nephew has failed to pay what is due and owing to StarCite under the Agreement.

17. By failing to pay StarCite the amounts due, Smith & Nephew has breached the Agreement with StarCite.

18. As a result of Smith & Nephew's breaches of the Agreement, StarCite has incurred damages.

## COUNT I

### BREACH OF CONTRACT

19.     StarCite incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

20.     The Agreement, including the specific promise of Smith & Nephew to pay to StarCite the committed total of $437,000.00, constitutes a valid and enforceable contract.

21.     StarCite fully and properly performed all of its contractual obligations pursuant to the Agreement.

22.     By failing to perform its obligation under the Agreement by refusing to pay to StarCite the committed total of $437,000.00, Smith & Nephew breached its obligation under the terms and conditions of the Agreement and breached the covenant of good faith and fair dealing inherent in the Agreement.

23.     Smith & Nephew intentionally, willfully, recklessly and/or negligently took actions that injured the rights of StarCite to receive the $437,000.00 in exchange for what it provided and made available under the Agreement.

24.     As a direct and proximate result of Smith & Nephew's breaches of the Agreement, StarCite has suffered and continues to suffer considerable financial damages.

25.     Smith & Nephew's conduct in this regard is without excuse or justification.

26.     Further, pursuant to Section 5-3(c) of the Agreement, StarCite is entitled to an award of all attorney fees it incurs as a result of Smith & Nephew's breach of contract.

## COUNT II

## ACCOUNT STATED

27.     StarCite incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28.     Prior to the commencement of this action, Smith & Nephew had a business relationship with StarCite in which Smith & Nephew agreed to make payment to StarCite in exchange for its use of the "MeetingView Attendee Management Service" and "Enterprise Service" and the availability of the "MeetingView Attendee Management Service" and "Enterprise Service" for the agreed-upon amount of time.

29.     Smith & Nephew accepted and used the services provided by StarCite.

30.     Smith & Nephew had the opportunity to use the available services for the agreed-upon amount of time.

31.     Smith & Nephew is obligated to StarCite on an account in the amount of $437,000.

**WHEREFORE**, StarCite respectfully prays as follows:

(a)     that process issue requiring Smith & Nephew to appear and answer this Complaint;

(b)     that this Court enter a judgment finding Smith & Nephew in breach of the Agreement;

(c)     that this Court enter a judgment in favor of StarCite and against Smith & Nephew in the amount of $437,000, together with pre- and post-judgment interest and attorney fees;

(d)     that the costs of this action be taxed against Smith & Nephew; and

(e)     that this Court grant StarCite such other and general relief as justice demands.

Respectfully submitted,

Burch, Porter & Johnson
a Professional Limited Liability Company


___/s/Scott J. Crosby_____
Scott J. Crosby (BPR #014287)
130 North Court Avenue
Memphis, TN  38103
T:      901.524.5000
F:      901.524.5024
scrosby@bpjlaw.com


Peter R. Rosenzweig, Esq.
Rubin, Fortunato & Harbison, P.C.
10 South Leopard Road
Paoli, PA  19301
T:      610.408.2004
F:      610.854.4317
PRosenzweig@rubinfortunato.com

**(*Pro Hac Vice* Motion and E-Filing Registration to be Filed)**